**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TRACI L. BAKER,

                Plaintiff,

vs.                                 Case No. 3:09-cv-1100-J-JRK

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.

_____/

## OPINION AND ORDER[1]

### I. Status

       Traci L. Baker ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for supplemental security income. Her alleged inability to work is based on the physical and mental impairments of "cancer, testing for lupus, antisocial behavior, back injury, emotional [and] behavior problem[s]." Transcript of Administrative Proceedings (Doc. No. 17; "Tr.") at 183 (capitalization omitted). On May 6,1996, Plaintiff filed an application for supplemental security income, alleging disability beginning January 1, 1990.[2] Tr. at 163. Plaintiff's alleged onset date of disability was later amended to May 1, 1996.[3] See Tr. at 749.

_____

[1]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge, see Consent to the Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 13) and the Order of Reference (Doc. No. 14) entered on March 1, 2010.

[2]      It appears the application was dated May 6, 1996, was signed by Plaintiff on May 8, 1996, and was received by the Social Security Administration on May 20, 1996.

[3]      ALJ John D. Thompson ("ALJ Thompson") noted that "[b]ecause no retroactive disability benefits are payable under Title XVI claims, this decision will decide the issue of disability only with respect
(continued...)

Multiple hearings regarding Plaintiff's claim for supplemental security income have been held by two Administrative Law Judges ("ALJ(s)").  The first hearing was held on March 3, 1999 before the original ALJ.  Tr. at 52-94.  The ALJ denied Plaintiff's claim on April 21, 1999.  Tr. at 12-20.  Plaintiff's request for review of the ALJ's decision was denied by the appeals council.  See Tr. at 4-5.  Plaintiff appealed the ALJ's decision to this Court.  On September 13, 2002, the Court issued an Opinion and Order ("First Order") reversing and remanding the case for further proceedings.[4]  Thereafter, supplemental hearings were held on August 18, 2004 and August 19, 2004 before the same ALJ who had previously denied Plaintiff's claim.  Tr. at 564-620.  Once again, on September 2, 2005, the ALJ denied Plaintiff's claim.  Tr. at 552-61.  Plaintiff appealed the ALJ's decision to this Court.  On February 21, 2007, the Court issued an Opinion and Order ("Second Order") again reversing and remanding the ALJ's decision for further proceedings.[5]

A successor ALJ to the original ALJ held hearings on March 18, 2008 and May 13, 2009, Tr. at 1025-1149, and issued a Decision on July 10, 2009, finding Plaintiff not disabled through the date of the Decision, Tr. at 748-58.  On November 9, 2009, Plaintiff commenced this action by timely filing a Complaint (Doc. No. 1) seeking review of the Commissioner's

---

[3](...continued)
to the period of time since the filing date, May 6, 1996."  Tr. at 749.

[4]     The Honorable Howard T. Snyder, United States Magistrate Judge, issued the First Order, which is Doc. No. 24 in Baker v. Barnhart, Case No. 3:01-cv-366-J-HTS (M.D. Fla. Sept. 13, 2002).  The First Order is also contained in the Transcript of Administrative Proceedings.  See Tr. at 621-35.

[5]     The Honorable Marcia Morales Howard, then United States Magistrate Judge, issued the Second Order, which is Doc. No. 14 in Baker v. Astrue, Case No. 3:05-cv-1336-J-MMH (M.D. Fla. Feb. 21, 2007).  The Second Order is not contained in the Transcript of Administrative Proceedings, but the Court takes judicial notice of the Second Order.  See Young v. City of Augusta, Ga. Through DeVaney, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995).

final Decision.  Plaintiff has exhausted the available administrative remedies, and the case is properly before the Court.

Plaintiff, who was forty-six years old at the time of the hearing before the successor ALJ on May 13, 2009, Tr. at 1116, raises one issue for resolution by the Court:  "whether the successor [ALJ] committed error by not complying with the two previous Orders of this Court directing . . . Defendant Commissioner to properly question the vocational expert [('VE')]." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 19; "Pl.'s Mem.") at 1, 6-25 (capitalization omitted).  Specifically, Plaintiff states the successor ALJ erred by propounding a hypothetical to the VE that did not include the following limitations: "a moderate inability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; a moderate inability to complete a normal workday and workweek without interruptions from psychologically based symptoms; and, a moderate inability to perform at a consistent pace without an unreasonable number and length of rest periods . . . ." Pl.'s Mem at 24.  As Plaintiff indicates in her memorandum, both previous Orders of the Court directed the ALJ to include all relevant limitations in the hypothetical to the VE, or to the extent the ALJ decided to reject limitations or determined they do not impact Plaintiff's ability to work, the ALJ was directed to specify reasons for not including the limitations.  See id. at 7, 10-11; First Order at 14; Second Order at 17.  Thus, the issue is whether the successor ALJ included all relevant limitations in the hypothetical to the VE, or to the extent the ALJ rejected limitations or determined they do not impact Plaintiff's ability to work, whether he specified reasons for not including the limitations.  After a thorough review of the entire record and consideration of the parties' respective memoranda, the

undersigned finds that additional explanation is needed before it can be determined whether the successor ALJ included all relevant limitations in the hypothetical to the VE, or to the extent the ALJ rejected limitations or determined they do not impact Plaintiff's ability to work, whether he specified reasons for not including the limitations. Accordingly, the Commissioner's final Decision is due to be reversed and remanded.

## II. The ALJ's Decision

When determining whether an individual is disabled, an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the plaintiff: 1) is currently employed or engaging in substantial gainful activity; 2) has a severe impairment; 3) has an impairment that meets or medically equals one listed in the Regulations; 4) can perform past relevant work; and 5) retains the ability to perform any work in the national economy. See 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The ALJ performed the required five-step sequential inquiry set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ established Plaintiff has not engaged in substantial gainful activity since May 6, 1999, Tr. at 751, with the exception of Plaintiff having engaged in substantial gainful activity during 2008. Tr. at 751. Consequently, the ALJ excluded 2008 from his consideration. See Tr. at 751. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: "a history of mild degenerative disc disease of the lumbar spine from L3 to S1; a history of prescription narcotic abuse as well as marijuana abuse and an affective disorder . . . ." Tr. at 751. At step three, the ALJ stated Plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the

impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. at 752.  The ALJ

determined Plaintiff has the following RFC:

> [Plaintiff has the ability] to perform light work . . . [and] has a "moderate"
> limitation in understanding, remembering and carrying out complex instructions
> and a "moderate" limitation in making judgments on complex work-related
> decisions.  In all other work categories assessed on the Form HA-1152-3
> (Exhibit 82F), [Carlos Kronberger, Ph.D. ("Dr. Kronberger"), a clinical
> psychologist,] assessed [Plaintiff] as having no limitation of function.

Tr. at 752-53.  At step four, the ALJ found Plaintiff "is capable of performing her past relevant

work as a receptionist."  Tr. at 757.  At step five, the ALJ found Plaintiff can perform the

following jobs, which exist in significant numbers in the national economy: "ticket taker";

"office helper"; "fast food worker"; "addresser"; and "document preparer/scanner[.]"  Tr. at

758.  The ALJ concluded Plaintiff was not under a disability[6] from May 6, 1996 through the

date of the Decision.  Tr. at 758.

### III.  Background

Three final decisions have been issued by the Social Security Administration denying

Plaintiff's claim for supplement security income.  Prior to the present case, the Court twice

reversed and remanded the original ALJ's decisions for further proceedings with instructions

to conduct additional hearings as necessary to comply with the Court's Order.

### A.    The First Order

On April 21, 1999, the original ALJ, Patrick McLaughlin ("ALJ McLaughlin"), issued a

decision denying Plaintiff's claim.  Tr. at 12-20.  Plaintiff filed a complaint with this Court

---

[6]       "Disability" is defined in the Social Security Act as the "inability to engage in any substantial
gainful activity by reason of any medically determinable physical or mental impairment which can be expected
to result in death or which has lasted or can be expected to last for a continuous period of not less than 12
months[.]"  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).

appealing ALJ McLaughlin's April 1999 decision.  Plaintiff raised two issues on appeal: (1)

whether "the ALJ erred by rejecting the opinion of [Robert B. David, Ph.D. ('Dr. David')], the

consultative psychologist"; and (2) whether Plaintiff "should have been found to be disabled

based on the VE's testimony."  First Order at 5.  On September 13, 2002, Judge Snyder

reversed and remanded ALJ McLaughlin's decision.  First Order at 14-15.

> In the First Order, Judge Snyder stated the following with regard to the first issue:

> [T]he Court is unable to find there is substantial evidence to support the ALJ's
> decision to reject the assessment completed by Dr. David.  To the extent the
> ALJ discredited the assessment because of the absence of any diagnoses or
> medical, psychological, or psychiatric reasons justifying its conclusion . . . the
> [ALJ] should, on remand, be sure to consider the impact, if any, of Dr. David's
> July 17, 1996, evaluation on the assessment.  His failure to mention it was error.
> While the ALJ may ultimately determine such findings are incompatible with the
> drastic limitations Dr. David imposed, the [ALJ] should discuss those findings.
> If indeed, he rejects them in whole or in part, his reasons for doing so should be
> stated.

First Order at 10-11.

> The crux of the second issue centered on the mental RFCs completed by Patricia A.

Boger, Ph.D. ("Dr. Boger"), Tr. at 406-09, and Donald Morford, M.D. ("Dr. Morford"), Tr. at

441-44, two state agency nonexamining sources.  Both Dr. Boger and Dr. Morford found

Plaintiff moderately limited in her "ability to complete a normal workday and workweek

without interruptions from psychologically based symptoms and to perform at a consistent

pace without an unreasonable number and length of rest periods."  Tr. at 407, 442.  The ALJ

did not include this particular limitation in the hypothetical posed to the VE.  See Tr. at 85,

88.  On cross-examination of the VE by Plaintiff's counsel, the VE was asked a variation of

the hypothetical posed by ALJ McLaughlin that included Dr. Boger's and Dr. Morford's

limitation regarding Plaintiff's ability to complete a normal workday and workweek without

interruptions and without an unreasonable number of rest periods. <u>See</u> Tr. at 92. The VE responded that "it would preclude employability or maintaining employment if the person required taking an unreasonable number of rest breaks." Tr. at 92. With respect to the second issue, Judge Snyder made the following findings:

> Given the VE's response to the rephrased hypothetical, it is evident that the omitted portion may have impacted the VE's conclusion. . . . With the added fact that the person would be moderately limited in completing a work day and work week without an "unreasonable number and length of rest periods," . . . the VE opined it would "preclude employability or maintaining employment . . . ."
>
> State agency physicians are considered experts in evaluating Social Security disability, and their opinions must be considered. . . . It appears as if the ALJ accepted the limitations set forth in the assessments for the most part, but omitted certain relevant portions. No explanation was provided for the omissions. Therefore, the Court is not convinced the hypothetical was adequately specific or comprehensive. In that regard, the case should be remanded for the ALJ to propound a complete hypothetical question, which includes an accurate rendition of the applicable limitations. Should the [ALJ] choose to reject any of the limitations, substantial evidence must support the decision.

First Order at 13-14. Judge Snyder reversed and remanded the ALJ's decision with the following instructions: "1) consider all the relevant evidence of record; 2) articulate adequate reasons for rejecting any significant, probative evidence; 3) propound a complete and adequate hypothetical question to the VE that includes Plaintiff's limitations; 4) conduct any other proceedings deemed appropriate." First Order at 14-15.

## B. The Second Order

On remand from Judge Snyder, ALJ McLaughlin held additional hearings and issued another decision on September 2, 2005, denying Plaintiff's claim. <u>See</u> Tr. at 552-61. Plaintiff appealed ALJ McLaughlin's September 2005 decision to this Court. Plaintiff raised two issues on appeal: (1) whether "the ALJ improperly rejected the opinion of Dr. David";

and (2) whether "the ALJ should have found [Plaintiff] disabled in light of the VE's testimony." Second Order at 6. On February 21, 2007, Judge Howard reversed and remanded ALJ McLaughlin's decision. Second Order at 18.

Regarding the first issue, Judge Howard found the ALJ on remand complied with the First Order:

> Plaintiff's assertion, that the ALJ erred in rejecting Dr. David's opinion because it was consistent with [the opinions of Sherry V. Risch, Ph.D. ("Dr. Risch"), Henry D. Bates, Ph.D. ("Dr. Bates"), and Dr. Boger] is without merit. The Court further concludes that the ALJ's rejection of Dr. David's opinion is supported by substantial evidence. In addition to the fact that Drs. Risch's, Bates', and Boger's opinions were inconsistent with the very severe limitations indicated by Dr. David, the opinions of Dr. Morford, another nonexamining psychologist, were also less severe. See [Tr.] at 441-53.[7 Indeed, Dr. Morford indicated that Plaintiff was not significantly limited in the majority of work activities. See [Tr. at 441-53]. Moreover, the treatment records of Dr. Irena Assefa, M.D. [("Dr. Assefa")], Plaintiff's family physician, another treated her on several occasions between September 8, 1995 and July 9, 1997, see [Tr.] at 418-27, 472, 477-82, 505-14 [(footnote omitted)], were also contrary to Dr. David's opinion. As stated by the ALJ, Dr. Assefa noted a "history of depression and stress [and [did] not indicate that she referred [Plaintiff] for additional treatment or psychological counseling or that she believed that [Plaintiff] was severely limited in her ability to function." [Tr.] at 556. Thus, the Court finds substantial evidence supports the ALJ's decision to reject Dr. David's opinions.

Second Order at 11.

With regard to the second issue, Plaintiff asserted that "the ALJ failed to propound a complete hypothetical question to the VE because the question did not include the limitations suggested by Drs. Boger and Morford, two state agency non-examining physicians." Id. at 11. As discussed above, both Dr. Boger and Dr. Morford found Plaintiff moderately limited in her "ability to complete a normal workday and workweek without

---

7   For ease of understanding, citations in the Second Order to the transcript of administrative proceedings in Baker v. Astrue, Case No. 3:05-cv-1336-J-MMH (M.D. Fla. Feb. 21, 2007) have been altered to mirror citations to the Transcript of Administrative Proceedings in this case.

interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Tr. at 407, 442. The ALJ did not include this particular limitation in the hypothetical posed to the VE. See Tr. at 611-14. Accordingly, Judge Howard determined the ALJ did not comply with the First Order:

> [O]n remand, the ALJ failed to comply with [the First Order]. While the hypothetical propounded by the ALJ during the 2004 hearing differs from the hypothetical question at issue in the [First Order], compare [Tr.] at 611-12 with [Tr.] at 632, it is still flawed. Indeed, not only did the ALJ again fail to include the omitted limitations in the hypothetical question, he also did not specifically reject them. See [Tr.] at 552-61 [(footnote omitted)]. Thus, as the ALJ omitted relevant limitations from the hypothetical question, it appears that this case is due to be remanded for the ALJ to comply with the Court's previous ruling.

> . . .

> Accordingly, the Court will remand this case for the ALJ to comply with the [First Order] by propounding a complete and adequate hypothetical to the VE. Again, the Court notes that, to the extent the ALJ rejects limitations or determines that they do not impact Plaintiff's ability to maintain employment, these findings must be supported by substantial evidence.

Second Order at 16, 17. Judge Howard remarked that "from the content of the ALJ's decision, it appears that he believed the case was remanded only for him to address Dr. David's 1996 evaluation, see [Tr.] at 552, which may explain his failure to address this second reason for remand." Second Order at 16 n.14. Judge Howard then reversed and remanded the ALJ's decision with the following instructions: "1) propound a complete and adequate hypothetical question to the VE in accordance with the standards set forth in this decision; and 2) conduct any other proceedings deemed appropriate." Second Order at 18.

On remand, the successor ALJ held two hearings and issued a Decision finding Plaintiff not disabled through the date of the Decision. Thereafter, Plaintiff appealed the successor ALJ's Decision to this Court.

## IV.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence'[.]"  Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'"  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## V.  Discussion

The Court must resolve whether ALJ Thompson, the successor ALJ, included all relevant limitations in the hypothetical to the VE, or to the extent ALJ Thompson rejected limitations or determined they do not impact Plaintiff's ability to work, whether he specified

reasons for not including the limitations.   Plaintiff claims ALJ Thompson should have included the following limitations in the hypothetical to the VE:   "a moderate inability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; a moderate inability to complete a normal workday and workweek without interruptions from psychologically based symptoms; and, a moderate inability to perform at a consistent pace without an unreasonable number and length of rest periods . . . ."  Pl.'s Mem. at 24.

On remand following the Order of Judge Howard, ALJ Thompson held additional hearings and issued a Decision on July 10, 2009 denying Plaintiff's claim.  Tr. at 748-58. At the hearing on May 13, 2009, ALJ Thompson called two nonexamining sources to testify: (1) Dr. Kronberger, a licensed clinical psychologist, and (2) Edward Griffin, M.D. ("Dr. Griffin"), a board certified internist.[8]  Tr. at 748.  Dr. Kronberger also prepared a Medical Source Statement of Ability to do Work-Related Activities (Mental) ("Medical Source Statement") regarding Plaintiff's ability to perform work-related activities.[9]  Tr. at 1022-24. Dr. Kronberger testified regarding Plaintiff's mental limitations, and Dr. Griffin testified regarding Plaintiff's physical limitations.  After ALJ Thompson heard the testimony and considered the evidence of record, he propounded the following hypothetical to the VE:

> [Plaintiff can] perform a full range of light work, . . . [twenty] pounds with a sit, stand and walk six hours each during an eight hour work day, lift [twenty] pounds occasionally up to [one-third] of the work day and ten pounds or less

---

[8]      Plaintiff does not take issue with whether it was proper for ALJ Thompson to call Dr. Kronberger and Dr. Griffin to testify at the hearing.

[9]      The Medical Source Statement gauges a plaintiff's RFC in compliance with Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, and appears to be similar to the mental RFC assessment form used by other doctors.

more frequently up to [two-thirds] of the work day, lift, has no significant postural, manipulative, communicative, or environmental limitations.  From a mental standpoint, . . .

. . .

[Plaintiff] would have no limitations with regard to her ability to understand and remember simple instructions, carry out simple instructions, make judgments on simple . . . instructions or as moderate limitation in her ability to do more than unskilled work which would include semi-skilled to skilled work with moderate being defined as that there [is] more than a slight or minimal limitation of function but the individual can still perform that task well.  There w[ere] no limitations noted with her ability to interact with the general public, co-workers, supervisors, or to respond appropriately to usual work situations and to changes in a routine work setting.

Tr. at 1146-47.

To comply with the two previous Orders of the Court, ALJ Thompson was required to include all relevant limitations in the hypothetical to the VE, or to the extent he rejected limitations or determined they do not impact Plaintiff's ability to work, he had to specify reasons for not including the limitations.  See First Order at 14; Second Order at 17.  In arguing ALJ Thompson failed to include all relevant limitations affecting Plaintiff's ability to work, Plaintiff directs the Court's attention to the respective opinions of Dr. David, Dr. Morford, and Dr. Boger, who stated Plaintiff is moderately, or more severely, limited in "her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; . . . to complete a normal workday and workweek without interruptions from psychologically based symptoms; and . . . to perform at a consistent pace without an unreasonable number and length of rest periods."[10]  Pl.'s Mem. at 11-12.  Based

---

[10]     The limitations Plaintiff asserts should have been included in the hypothetical are Summary Conclusion of Mental Activity ("Question") numbers 7 and 11, which appear on Form SSA-4734-F4-SUP (8-85) used by Dr. Morford and Dr. Boger, see Tr. at 406-09, 441-44, and on the Mental RFC Assessment form used by Dr. David, see Tr. at 546-48.

on the two previous Orders, ALJ Thompson was required to include the above limitations in the hypothetical to the VE or specify reasons, supported by substantial evidence, for not including them. See First Order at 14; Second Order at 17. ALJ Thompson rejected the opinions of Dr. David, Dr. Morford, and Dr. Boger; accordingly, he did not include the limitations offered by Dr. David, Dr. Morford, and Dr. Boger. See Tr. at 755-57. Therefore, the Court must determine whether ALJ Thompson's rejection of the opinions of Dr. David, Dr. Morford, and Dr. Boger is supported by substantial evidence.

The Regulations establish a "hierarchy" among medical opinions[11] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of nonexamining physicians[12];] treating physicians'[13] [opinions] are given more weight than [nontreating physicians[14];] and the opinions of specialists are given more weight on issues within the area of expertise than those of nonspecialists." McNamee v. Soc. Sec. Admin., 162 F. App'x 919, 923 (11th Cir. Jan. 31, 2006) (unpublished) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The

---

[11]     "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s)," including symptoms, diagnosis, prognosis, and what the claimant can still do despite the impairment. 20 C.F.R. § 404.1527(a)(2).

[12]     A nonexamining physician is a "physician, psychologist, or other acceptable medical source who has not examined [the claimant] but provides a medical or other opinion in [the claimant's] case." 20 C.F.R. § 404.1502.

[13]     A treating physician is a "physician, psychologist, or other acceptable medical source who provides . . . medical treatment or evaluation [to the claimant] and who has, or has had, an ongoing treatment relationship with [the claimant,]" as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. 20 C.F.R. § 404.1502.

[14]     A nontreating physician is a "physician, psychologist, or other acceptable medical source who has examined [the claimant] but does not have, or did not have, an ongoing treatment relationship with [the claimant]." 20 C.F.R. § 404.1502.

following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(f), 416.927(f). "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981) (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

### A.     Dr. David

On March 4, 1999, Dr. David prepared a mental RFC assessment of Plaintiff. Tr. at 546-48. Dr. David indicated Plaintiff's abilities in the following areas are "poor to none":[15] "the ability to perform activities within [a] schedule, maintain regular attendance [a]nd be punctual within customary tolerances [and] to complete a normal workday and workweek without interruptions from psychologically [b]ased symptoms and to perform at [a] consistent pace without an [u]nreasonable number and length of [r]est periods."[16] Tr. at 547. However, as noted by ALJ Thompson, Tr. at 753, Judge Howard previously determined ALJ McLaughlin complied with the First Order with regard to discrediting the opinions of Dr. David, Second Order at 11. Because Dr. David's opinions were properly rejected, ALJ Thompson was not required to include limitations offered by Dr. David.

---

[15]     A rating of "poor to none" means that an individual has "[n]o useful ability to function" in a particular area. Tr. at 546.

[16]     Plaintiff notes Dr. David found Plaintiff "has no ability to do a number of things. However, [Q]uestions 7 and 11 are the ones that relate to counsel's hypothetical." Pl.'s Mem. at 12 n.3; see Tr. at 546-48.

### B.    Dr. Morford

On December 17, 1996, Dr. Morford prepared a mental RFC assessment of Plaintiff. Tr. at 441-44.  Dr. Morford found Plaintiff moderately limited in "[t]he ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods."[17]  Tr. at 442.  ALJ Thompson stated that Dr. Morford "is a nephrologist[[18]] and completely unqualified to assess a person's psychological infirmities.  On this basis alone, his opinion is entitled to little or no weight."  Tr. at 753; cf. Eckert v. Comm'r of Soc. Sec., 152 F. App'x 784, 789, 791 (11th Cir. Oct. 5, 2005) (unpublished) (upholding the ALJ's decision to reject a medical opinion from a doctor who was not a psychiatrist or otherwise qualified to give an opinion as to the plaintiff's mental status).  Thus, ALJ Thompson rejected the opinion of Dr. Morford.

Substantial evidence supports ALJ Thompson's rejection of Dr. Morford's opinion. A review of the record reveals ALJ Thompson "googled [Dr. Morford] [and found] he is not a clinical psychologist [or] . . . a psychiatrist .  He is, in fact, a nephrologist."  Tr. at 1094. Plaintiff does not object to the characterization of Dr. Morford's area of medical practice; thus, the Court accepts ALJ's Thompson's statement as true.  ALJ Thompson relied on the opinion of Dr. Kronberger, a licensed clinical psychologist, over the opinion of Dr. Morford, a nephrologist.  Both doctors are nonexamining sources.  However, Dr. Kronberger, as a

---

[17]        Although Dr. Morford found Plaintiff moderately limited in other categories, Plaintiff only takes issue with Question No. 11.  See Pl.'s Mem. at 11-12; Tr. at 441-42.

[18]        A nephrologist is a kidney specialist.  See Dorland's Illustrated Medical Dictionary 1260 (31st ed. 2007).

licensed clinical psychologist, is specialized in the area of psychology, as opposed to Dr. Morford, who is not.  See McNamee, 162 F. App'x at 923.  Also, ALJ Thompson stated "there is no real cogent rationale to explain how [Dr. Morford] reached the conclusions that are noted in his [RFC] assessment."  Tr. at 756.  Dr. Kronberger's testimony at the hearing supports ALJ Thompson's conclusion.  Dr. Kronberger referred to Dr. Morford's RFC assessment of Plaintiff in explaining its shortcomings:

> At the beginning [Dr. Morford] . . . notes . . . THC abuse and bipolar, limits seen mostly physical, goes to appointment and grocery, drives car, goes to family counseling. [Dr. Kronberger is] not sure [that is] accurate.  Only counseling was having to go to court about her children's problems with juvenile court.  So, [there is] nothing here that suggests any significant limitations that are psychologically based.

Tr. at 1094 (referring to Tr. at 443).

ALJ Thompson properly rejected the opinion of Dr. Morford because (1) Dr. Morford was neither a psychologist nor psychiatrist and, therefore, not specialized like Dr. Kronberger, a licensed clinical psychologist; and (2) Dr. Morford's conclusions are not supported by the evidence of record.  See 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(f), 416.927(f).  Accordingly, because substantial evidence supports the rejection of Dr. Morford's opinion, ALJ Thompson was not required to include the limitations offered by Dr. Morford in the hypothetical to the VE.

### C.    Dr. Boger

On August 7, 1996, Dr. Boger prepared a mental RFC assessment of Plaintiff.  Tr. at 406-09.  Dr. Boger found Plaintiff moderately limited in "[t]he ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances [and] [t]he ability to complete a normal workday and workweek without interruptions from

psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods."[19]   Tr. at 406, 407.   ALJ Thompson rejected the opinion of Dr. Boger in favor of Dr. Kronberger, both nonexamining clinical psychologists.  ALJ Thompson stated the following:

> According to Dr. Kronberger, Dr. Boger's assessment did not consider the totality of the existing record, including all of the known side effects associated with her long term marijuana abuse (e.g., can cause some psychotic symptoms).  Many of her functional limitations were predicated on the now discredited psychological assessment done by Dr. David several weeks [prior to Dr. Boger's assessment] in July 1996.  The concluding remarks by Dr. Risch clearly suggest that the reason . . . [Plaintiff] is allegedly unable to work is due to the fact that she has substantial family discord and needed to focus her attention and energies on her children.  This is clearly not a bona [f]ide reason for claiming any disability. . . . The GAF score of 65 offered by Dr. Risch is also a pretty clear indicator that this clinician felt [Plaintiff's] psychologically based impairments were fairly "mild."  The overall evidence suggests, according to Dr. Kronberger, that she may suffer from a Mood Disorder NOS or a Depressive Disorder NOS but there is no evidence that she has endeavored to involve herself in any regular mental health treatment or counseling.  In fact, she has previously refused any such mental health treatment.  Dr. Kronberger testified that her symptoms would likely respond positively to some therapeutic intervention.

> When queried more specifically regarding the limitations offered by Dr. Boger, Dr. Kronberger opined that it appears that this non-examining state agency source relied to some extent on . . . [Plaintiff]'s subjective complaints of severe pain and Dr. Kronberger did not feel that this was objective evidence to offer the ratings that [Dr. Boger] did in her August 1996 assessment.

Tr. at 756.

The undersigned concludes that without further explanation, a determination cannot be made as to whether substantial evidence supports ALJ Thompson's rejection of Dr. Boger's opinion.  In the Decision, it appears ALJ Thompson relied on the opinions of Dr.

---

[19]      Although Dr. Boger found Plaintiff moderately limited in another category, Plaintiff only takes issue with Question Nos. 7 and 11.  See Pl.'s Mem. at 11-12; Tr. at 406-07.

Kronberger and Dr. Risch in support of rejecting Dr. Boger's opinion. <u>See</u> Tr. at 756. The two limitations at issue with regard to Dr. Boger's opinion are Plaintiff's "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" and her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Tr. at 406, 409. The Medical Source Statement completed by Dr. Kronberger did not prompt him to opine as to Plaintiff's abilities in these two areas. <u>See</u> Tr. at 1022-24. Dr. Kronberger, however, when addressing Dr. Boger's opinion was asked about these specific areas at the hearing:

> Q.     [S]ome of the notations that were made on the mental [RFC] which indicated moderate limitation[] in . . . the ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances. Did you see that on page 406?
>
> A.     Yes.
>
> Q.     And at the top, I guess of 407 [Dr. Boger] also marked as a moderate limitation on ability to complete a normal workweek, workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. . . . Did you have a chance to review her rationale for making those assessments?
>
> A.     Yes. I, I, <u>I think that moderate would be fair</u>. The way . . . Dr. Bog[e]r justified those ratings was that, for example, on page 408, it says appears capable of simple, repetitive tasks. Pain may affect concentration, pace and persistence. So, I think that she is relying not so much on mood, on a mood disorder as contributing to poor concentration but more accepting at face value the patient's self-report to the psychologist about being in, in pain. But I, I don't consider this to be substantial limitation.
>
> . . .
>
> Q.     [G]iven the evidence up to the time that Dr. Bog[e]r completed this report, a couple of weeks later after Dr. David's examination, how would those translate

> into psychologically based limitations of function?  I mean, given his findings on his clinical evaluation.
>
> A.      Well, I, I, I think that she was probably being consistent with what, accepting Dr. David's idea that she wouldn't be able to work but did not go as far as what, what he said.

See Tr. at 1092-93 (emphasis added).  Seemingly, Dr. Kronberger agreed that Plaintiff is moderately limited in the areas at issue, although he did not "consider this to be substantial limitation." Tr. at 1092.  Indeed, if Dr. Kronberger is of the opinion that Plaintiff is moderately limited in her "ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances" and her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods," just as Dr. Boger concluded, ALJ Thompson should have included these limitations in the hypothetical to the VE.

Moreover, with respect to Dr. Risch's opinion, although Dr. Risch examined Plaintiff, neither the Psychological Evaluation or Supplemental Questionnaire prepared by Dr. Risch contain an opinion with regard to the limitations at issue.  See Tr. at 521-29.  Dr. Risch, however, supplemented her evaluation and questionnaire with a mental RFC assessment of Plaintiff prepared on August 17, 2004.  See Tr. at 653-55.  In the August 17, 2004 RFC assessment, Dr. Risch addressed the two limitations at issue.  Although Dr. Risch qualifies her findings as reflective of her opinion "based on [Plaintiff]'s presentation six years ago[,]" Dr. Risch opined Plaintiff was markedly limited in her "ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances" and her "ability to complete a normal workday and workweek without interruptions from

psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Tr. at 654.  Neither the ALJ nor Dr. Kronberger addressed Dr. Risch's August 17, 2004 RFC assessment.

Accordingly, without further explanation regarding Dr. Kronberger's opinion as to Plaintiff's limitations in the areas at issue, as well as an explanation of the impact Dr. Risch's August 17, 2004 RFC assessment may have on the rejection of Dr. Boger's opinion, the undersigned cannot determine whether substantial evidence supports ALJ Thompson's rejection of Dr. Boger's opinion.

## VI.  Conclusion

To comply with the two previous Orders of the Court, ALJ Thompson was required to include all relevant limitations in the hypothetical to the VE, or to the extent he rejected limitations or determined they do not impact Plaintiff's ability to work, he was required to specify reasons for not including the limitations.  Plaintiff argues ALJ Thompson failed to comply with the Orders because he did not include certain limitations offered by Dr. David, Dr. Morford, and Dr. Boger in the hypothetical to the VE.  ALJ Thompson was not required to reject the opinion of Dr. David because the Court previously determined Dr. David's opinion was properly rejected.  Moreover, ALJ Thompson's decision to reject the medical opinion of Dr. Morford is supported by substantial evidence of record.  However, additional explanation is needed to determine whether the rejection of the opinion of Dr. Boger is supported by substantial evidence.

Plaintiff requests the Court to "either enter an Order directing the . . . Commissioner to show cause for willfully disobeying the orders of this Court; or alternatively, enter an order

directing the . . . Commissioner to pay Plaintiff . . . her Title XVI disability benefits as of May 1, 1996." Pl.'s Mem. at 25.  The Court may order that benefits be paid only "where the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  Here, because the Commissioner has not adequately evaluated the evidence, it is unclear whether Plaintiff is disabled without any doubt.  As to Plaintiff's request for an order to show cause, the Court declines to take such action at this time.  Accordingly, Plaintiff's request is due to be denied.

After due consideration, it is

**ORDERED:**

1.     The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by section 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Reevaluate the evidence with respect to Dr. Boger's opinion, explicitly addressing both Dr. Kronberger's opinion with regard to the limitations at issue and the impact of Dr. Risch's August 17, 2004 RFC assessment, if any, on the decision to reject the opinion of Dr. Boger; and

(B)     Take such other action as may be necessary to resolve this claim properly.

2.     Plaintiff's request for entry of either an order to show cause or for an order

directing the Commissioner to pay benefits is **DENIED**.

      3.     The Clerk of Court is directed to close the file.

      4.     If benefits are awarded on remand, Plaintiff's counsel shall have thirty (30) days from receiving notice of the amount of past due benefits to seek the Court's approval of attorney's fees pursuant to 42 U.S.C. § 406(b).  See Bergen v. Comm'r Soc. Sec., 454 F.3d 1273 (11th Cir. 2006).

      **DONE AND ORDERED** at Jacksonville, Florida on March 14, 2011.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

wlg
Copies to:
Counsel of Record